*Gudgell, for appellant.*

---

### WM. P. LYNCH *v.* TOBIAS REYNOLDS

Misjoinder of Causes—Pleading—Non-Suit.

> Though two distinct causes of action are shown by a petition, one on contract and another on tort, such a misjoinder cannot be taken advantage of by objection thereto in the answer of defendant. To be available as an objection, motion to strike out either contract or tort must be made, and this being the statutory mode for excepting to the misjoinder, which, having been waived by non-exception in the prescribed mode, would be no ground for non-suit ordered by the court.

APPEAL FROM ESTILL CIRCUIT COURT.

December 10, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The judicial presumption from the record as now presented to this court is that the county court had no jurisdiction to order the sale of the appellant's corn; and consequently, the sale was apparently void and the appellee's conversion actionable as a tort.

And, though the 3rd paragraph in the appellee's petition is on contract not formally conjunctionable with the 1st and 2nd on tort, yet this testimonial misjoinder could not be aken advange of availably by objecting to it, as the appellee did, only in his answer. Motion to elect or strike out either tort or contract was the only statutory mode of excepting to the misjoinder which, having been

waived by non-excepion in the prescribed mode was no ground for the non-suit ordered by the court.

The petition and testimony seem to show a good cause of action for damages to some material extent; and therefore the peremptory instruction to find for the appellee was erroneous.

Wherefore, the judgment is reversed and the cause remanded for a new trial.

*Turner, for appellant.*

*Barnes, for Appellee.*